LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

<u>**ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION**</u>

**I.
INTRODUCTION AND BACKGROUND**

Plaintiffs Sennheiser Electronic Corporation, d/b/a Sennheiser USA, a Delaware corporation with its principal place of business in Connecticut ("Sennheiser USA"), and Sennheiser Electronic GMBH & Co. KG, a German limited liability company with its principal place of business in Wedemark, Germany ("Sennheiser Germany"), are among the world's leading manufacturers of microphone technology, RF-wireless and infrared sound transmission, headphones transducer technology, and active noise cancellation technology. They manufacture a wide variety of electronic sound products for personal and professional use and distribute various Sennheiser products throughout the United States. Plaintiffs operate an unspecified "substantial" part of their business in California. (Docket No. 1 [Compl.] ¶¶ 1, 10–12.)

Plaintiffs are also the exclusive owners of federally-registered trademarks, including Registration Nos. 813,211 (SENNHEISER); 1,308,693 (SENNHEISER); and 1,807,190 (stylized SENNHEISER), in connection with electrical audio equipment, including "earphones." (Docket No. 12 [Vener Decl.] ¶ 11, Ex. E.) In this lawsuit, Plaintiffs allege that Defendant Kseniya Evstigneeva has operated an eBay web page on which she offers for sale counterfeit electronics bearing Plaintiffs' marks, including headphones. (Compl. ¶¶ 2, 21–22). As of August 17, 2011, Defendant's web page showed 109 customer comments in relation to Sennheiser branded products sold by Defendant. (<u>Id.</u> ¶ 22, Ex. C.) On May 29, 2011, in their ongoing investigation of counterfeit sales of Sennheiser branded products, Plaintiffs purchased a pair of "Sennheiser cx 380 Sport II" headphones from Defendant to determine their authenticity. (Vener Decl. ¶¶ 7–8, Ex. D.) Defendant shipped the purchased item to a California address, and

LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

Plaintiffs' inspection of the item confirmed that it was in fact a counterfeit.  (Id.)

Plaintiffs filed suit in this Court on September 22, 2011 and assert violations of § 32 of the Lanham Act, 15 U.S.C. § 1114 (trademark infringement); § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (false designation of origin/unfair competition); § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (trademark dilution); and Cal. Bus. & Prof. Code sections 17200 et seq. (unfair business practices).  Evstigneeva was personally served at her residential address in Brooklyn, New York, on October 1, 2011, and has not appeared in this action to date.  (Compl. ¶ 2; Vener Decl. ¶ 4, Ex. A.)  The court clerk entered default against her on February 15, 2012.  (Docket No. 10.)  Plaintiffs now seek entry of a default judgment against Defendant.  (Docket No. 12.)

However, for the reasons discussed below, the Court cannot presently determine whether it may exercise personal jurisdiction over Defendant.  Accordingly, Plaintiff is **ORDERED to show cause** why the case should not be dismissed for lack of personal jurisdiction.

**II.
DISCUSSION**

A.  SUA SPONTE CONSIDERATION OF PERSONAL JURISDICTION

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party."  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)).  However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  Id.  "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."  Id.; see also William W. Schwarzer et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 6:214 (2012) ("The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law." (citing Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002))); DFSB Kollective Co., Ltd. v. Bing Yang, No. 11–cv–01051 CW (NC), 2012 WL 1835710, at *2–3 (N.D. Cal. May 21, 2012) (on motion for default judgment, ordering plaintiffs to show cause why the magistrate should not recommend to the district court that the action should be dismissed for lack of personal jurisdiction and improper venue).

B.  PERSONAL JURISDICTION STANDARD

LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

Because this Court sits in California and no federal law governs personal jurisdiction over this case, the Court must apply California's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); see also Cal. Civ. Proc. Code § 410.10. Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The extent and type of contacts a defendant may have with the forum state can give rise to two types of jurisdiction: general or specific. Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

"If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." Id. at 1287 (citation omitted). Specific jurisdiction may be established where the plaintiff's claims derive from the defendant's contacts with the forum state. Id. To establish specific jurisdiction, Plaintiffs must show that Defendant "either purposefully availed [herself] of the privilege of conducting activities in California, or purposefully directed [her] activities toward California." Schwarzenegger, 374 F.3d at 802. A purposeful direction analysis is most often used in suits, such as this trademark action, that sound in tort. Id.; see also Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (stating a trademark infringement action is "akin to a tort case"). To determine whether jurisdiction is proper under the "purposeful direction" prong, the Ninth Circuit employs the Calder v. Jones, 465 U.S. 783 (1984) "effects test" which requires proof of three elements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing Schwarzenegger, 374 F.3d at 803). To satisfy this test, the brunt of the alleged harm need not have been suffered in the forum state so long as a "jurisdictionally sufficient" amount of harm is suffered. Id. at 1207.

**C. APPLICATION**

LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

      In this case, neither Plaintiffs nor Defendant are residents of this forum.  Moreover, Plaintiffs do not allege continuous and systematic contacts between Defendant and this forum supporting the exercise of general jurisdiction.  Nor have they shown that Defendant, as a non-resident, expressly aimed her tortious conduct at California, causing harm that she knew was likely to be suffered in California, supporting the exercise of specific personal jurisdiction.  Moreover, there is no evidence in this case suggesting that Defendant's eBay page, despite being interactive, targets or is in any way directed toward California.  See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1230–32 (9th Cir. 2011).  Indeed, on the available evidence, Defendant's only contact with California is a single sale of counterfeit headphones to Plaintiffs' investigator in California (see Vener Decl. ¶¶ 7–8, Ex. D), and the Court is not aware of any case in which jurisdiction was found based on one sale to the forum.  Accordingly, the evidence before the Court suggests that personal jurisdiction may not be asserted in this district over the defendant in this case.  Plaintiffs are therefore **ORDERED to show cause** as to why the case should not be dismissed for lack of personal jurisdiction.

## III.
## CONCLUSION

      Based on the foregoing, Plaintiffs are **ORDERED TO SHOW CAUSE no later than the close of business on Monday, June 18, 2012,** why the case should not be dismissed for lack of personal jurisdiction.  **Failure to respond by this deadline will be deemed consent to dismissal.**  The hearing on Plaintiff's Application for Default Judgment, presently scheduled for Monday, June 11, 2012, is hereby **CONTINUED** to **Monday, July 2, 2012**.

      **IT IS SO ORDERED**.