**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**          **(In Chambers)**

**ORDER RE: MOTION FOR DEFAULT JUDGMENT**

**I.**
**INTRODUCTION AND BACKGROUND**

In this case, Plaintiffs, two non-resident corporations who are leading manufacturers of high-quality electronic audio products with more than €530 million in sales in 2011 alone,[1] ask this Court to exercise personal jurisdiction over an individual *with a known residence address* in Brooklyn, New York, on the basis of 24 eBay sales of counterfeit headphones to California purchasers.  Plaintiffs have inexplicably chosen to litigate this case in California and now seek entry of default judgment against Defendant awarding Plaintiffs $600,000 in statutory damages for willful infringement of three trademarks, as well as fees and costs exceeding $6,000, and enjoining Defendant from continuing to infringe their trademarks.  (Docket No. 12 [Mem. Default Judgment] at 24–28.)  However, because the Court concludes that Defendant has not purposefully directed her activities toward California and that, in any event, the exercise of jurisdiction would be unreasonable, the Court **DENIES** Plaintiffs' motion for default judgment and **DISMISSES** Plaintiffs' Complaint for lack of personal jurisdiction.

Plaintiffs are Sennheiser Electronic Corporation, d/b/a Sennheiser USA, a Delaware corporation with its principal place of business in Connecticut ("Sennheiser USA"), and

---

[1] See Sennheiser Financial Report 2011 at 56–57, available at
http://www.sennheiser-annualreport.com/home/2011/pdf/Sennheiser_AR_2011_Financial_Report.pdf.

**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

Sennheiser Electronic GMBH & Co. KG, a German limited liability company with its principal place of business in Wedemark, Germany ("Sennheiser Germany").  They are among the world's leading manufacturers of microphone technology, RF-wireless and infrared sound transmission, headphones transducer technology, and active noise cancellation technology.  They manufacture a wide variety of electronic sound products for personal and professional use and they distribute their products throughout the United States.  Plaintiffs operate an unspecified "substantial" part of their business in California.  (Docket No. 1 [Compl.] ¶¶ 1, 10–12.)

Plaintiffs are also the exclusive owners of three federally-registered trademarks in connection with electrical audio equipment, including "earphones."  (Docket No. 12 [Vener Decl.] ¶ 11, Ex. E.)  In this lawsuit, Plaintiffs allege that Defendant Kseniya Evstigneeva has operated an eBay web page on which she offers for sale counterfeit electronics bearing Plaintiffs' marks, including headphones.  (Compl. ¶¶ 2, 21–22).  EBay, Inc., which has its principal place of business in California, permits users to post listings for the sale or auction of products on its web site, eBay.com, and charges transaction fees, pursuant to its user agreement, associated with listing and selling products on the site.  (Docket No. 18 [Second Vener Decl.] ¶ 3, Ex. C.)  The eBay.com site offers a search function, enabling purchasers to locate products with particular terms in the title, including, for example, the word "Sennheiser."  (Id. ¶ 4, Ex. D.)  The purchaser's payment and shipping information is transmitted via the PayPal service offered by PayPal, Inc., which also has its principal place of business in California.  (Id. ¶¶ 2, 6.)  Pursuant to its user agreement, Paypal also charges a transaction fee for each sale processed.  (Id. ¶ 6, Ex. E.)  Once the seller receives the purchase order information via the eBay and PayPal services, he or she must choose to process the order, charge the purchaser, and package and ship the product in order to complete the transaction.  (Id. ¶ 7.)

On May 29, 2011, Plaintiffs purchased a pair of "Sennheiser cx 380 Sport II" headphones from Defendant to determine their authenticity, for approximately $20 including the shipping costs.  Defendant shipped the purchased item to a California address and charged Plaintiffs' California PayPal account.  Plaintiffs' inspection of the item confirmed that it was a counterfeit.  (Second Vener Decl. ¶ 8, Ex. F.)  As of August 17, 2011, Defendant's eBay web page showed 109 customer comments in relation to Sennheiser-branded products sold by her.  (Compl. ¶ 22; Vener Decl. ¶ 6, Ex. C.)

Plaintiffs filed suit in this Court on September 22, 2011, asserting violations of § 32 of the Lanham Act, 15 U.S.C. § 1114 (trademark infringement); § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (false designation of origin/unfair competition); § 43(c) of the Lanham Act, 15 U.S.C.

JS – 6

LINKS: 12, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

§ 1125(c) (trademark dilution); and Cal. Bus. & Prof. Code sections 17200 <u>et seq.</u> (unfair business practices).  Evstigneeva was personally served at her residential address in Brooklyn, New York, on October 1, 2011, and has not appeared in this action to date.  (Compl. ¶ 2; First Vener Decl. ¶ 4, Ex. A.)  The court clerk entered default against her on February 15, 2012, and Plaintiffs thereafter sought entry of a default judgment.  (Docket Nos. 10, 12.)

On June 7, 2012, this Court ordered Plaintiffs to show cause why the motion for default judgment should not be denied and the suit dismissed on the basis that the Court lacks personal jurisdiction over Defendant.  (Docket No. 13 [6/7/12 Order].)  Plaintiffs timely responded to the 6/7/12 Order.  (Docket No. 14 [First Suppl. Mem.].)  Although the Court was not persuaded that it could exercise personal jurisdiction based on Defendant's one sale to California, pursuant to Plaintiffs' request, the Court granted them leave to take limited jurisdictional discovery, permitting Plaintiffs to subpoena eBay and Paypal records showing the total number of sales made by Defendant in California.  (<u>See</u> Docket No. 17 [6/29/12 Order] at 3–5.)  Having completed this jurisdictional discovery, on August 28, 2012, Plaintiffs filed a second supplemental memorandum.  (Docket No. 18 [Second Suppl. Mem.].)  Plaintiffs present evidence that, according to PayPal records, from April to August in 2011, Defendant sold 232 Sennheiser-branded products, and that 24 of these were made to California purchasers.  This was the highest number of sales made to a single state except for New York, where Defendant made 31 sales.  (Second Vener Decl. ¶¶ 11–12, Exs. J, K.)

**II.
DISCUSSION**

**A.  LEGAL STANDARD**

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party."  <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)).  However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  <u>Id.</u>  "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."  <u>Id.</u>; <u>see also</u> William W. Schwarzer et al.**,** <u>Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions</u> § 6:214 (2012) ("The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law." (citing

**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002))); DFSB Kollective Co., Ltd. v. Bing Yang, No. 11–cv–01051 CW (NC), 2012 WL 1835710, at \*2–3 (N.D. Cal. May 21, 2012) (on motion for default judgment, ordering plaintiffs to show cause why the magistrate should not recommend to the district court that the action should be dismissed for lack of personal jurisdiction and improper venue).

　　Because this Court sits in California and no federal law governs personal jurisdiction over this case, the Court must apply California's long-arm statute.  Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process."  Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); see also Cal. Civ. Proc. Code § 410.10.  Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The extent and type of contacts a defendant may have with the forum state can give rise to two types of personal jurisdiction: general or specific.  Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

　　Here, Plaintiffs do not argue that the Court may exercise general jurisdiction over Defendant.  Specific jurisdiction may be established where the plaintiff's claims derive from the defendant's contacts with the forum state.  Id.

　　The Ninth Circuit employs a three-prong test to determine whether a court may exercise specific personal jurisdiction over a non-resident defendant:

　　　　(1) The non-resident defendant must purposefully direct his activities or
　　　　consummate some transaction with the forum or resident thereof; or perform
　　　　some act by which he purposefully avails himself of the privilege of conducting
　　　　activities in the forum, thereby invoking the benefits and protections of its
　　　　laws;

　　　　(2) the claim must be one which arises out of or relates to the defendant's
　　　　forum-related activities; and

---

**JS – 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | | Date | September 27, 2012 |
|---|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | | |

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (internal quotation marks and citation omitted).  The plaintiff bears the burden of satisfying the first two prongs.  Id.  If the plaintiff succeeds, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  Id. (citing Burger King v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).

Under the first prong, the plaintiff must show that a defendant "either purposefully availed [herself] of the privilege of conducting activities in California, or purposefully directed [her] activities toward California."  Schwarzenegger, 374 F.3d at 802.  A purposeful direction analysis is most often used in suits, such as this trademark action, that sound in tort.  Id.; see also Panavision, 141 F.3d at 1321 (stating a trademark infringement action is "akin to a tort case").  To determine whether jurisdiction is proper under the "purposeful direction" prong, the Ninth Circuit employs the Calder v. Jones, 465 U.S. 783 (1984) "effects test" which requires proof of three elements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing Schwarzenegger, 374 F.3d at 803).  To satisfy this test, the brunt of the alleged harm need not have been suffered in the forum state so long as a "jurisdictionally sufficient" amount of harm is suffered.  Id. at 1207.

**B.  APPLICATION**

**1.  DEFENDANT HAS NOT PURPOSEFULLY DIRECTED ACTIVITIES TOWARD CALIFORNIA**

Plaintiffs argue, and the Court agrees, that by selling and shipping products that infringe Plaintiffs' copyright, Defendant has committed "an intentional act."  (See Second Suppl. Mem. at 13.)  Thus, Plaintiffs have satisfied step one of the Calder test.

At issue here is whether Defendant expressly aimed her tortious conduct at California and caused harm that she knew was likely to be suffered in California.  Plaintiffs argue that Defendant has engaged in an "intentional and systematic online piracy scheme which purposefully sought to cause economic harm in California," by using a "commerce enabled and interactive" web site to advertise infringing products for sale, receive orders, and process payments; by acting herself to ship infringing goods to a significant number of purchasers in

**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

California; and by entering into contracts with and paying fees to eBay and PayPal, service providers with their principal places of business in California, in order to make sales in California.  (Id. at 12.)  However, under Ninth Circuit precedents, the Court cannot conclude that the second two elements of the Calder effects test are met.

As the Court has previously explained, "the 'express aiming' requirement . . . is satisfied when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'"  CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002))  More specifically, this requirement "can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's web site for the purpose of competing with the plaintiff in the forum."  Id. (citing Love v. Assoc. Newspapers, 611 F.3d 601, 609 n.4 (9th Cir. 2010)); see also id. at 1070–72, 1075–79 (express aiming prong met where non-resident defendant republished California resident's copyrighted catalogues on its own web site in order to attract California users and paying subscribers to its online services designed to assist students and educational institutions with the college transfer process).  Pertinent cases involving "express aiming" treat corporations as residents of their principal place of business and their state of incorporation.  See, e.g., id. at 1070 (California corporation with its principal place of business in California); Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1997), overruled on other grounds by Feltner v. Columbia Pictures Television, 523 U.S. 340 (1998) (plaintiff with principal place of business in California).  However, these cases have little applicability here, because Plaintiffs are not California residents.

Where neither party is a forum resident, courts "have struggled with the question of whether tortious conduct on a nationally accessible website is expressly aimed at any, or all of the forums in which the website can be viewed."  Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1229 (9th Cir. 2011).  The Ninth Circuit has held that "'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'"  Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

In Mavrix, the court found that the express aiming requirement was met because the non-resident defendant "continuously and deliberately exploited the California market for its website."  Id. at 1230 (internal citation omitted).  The plaintiff, a Florida corporation with its

**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

principal place of business in Miami, was a celebrity photo agency, which sold photographs to magazines and tabloids.  647 F.3d at 1221–22.  The defendant, an Ohio corporation with its principal place of business in Toledo, operated a web site called celebrity-gossip.net.  Id. at 1222.  In the lawsuit, the plaintiff sued the defendant for re-posting the plaintiff's photographs on the defendant's web site, in violation of the plaintiff's copyright.  Id. at 1222–23.

The court found that the defendant exploited the California market to its benefit because (1) it sold ads on its web site directed to California consumers; (2) the subject matter of the web site—celebrities and entertainment—was inherently focused on California; thus, the defendant "anticipated, desired, and achieved a substantial California viewer base"; and (3) the defendant's web site was a "large publication[] that sought and attracted [a] nationwide audience[]" and "cultivated [its] nationwide audience[] for commercial gain."  Id. at 1229–31.  Mavrix relied on Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984), in which the Supreme Court concluded that Hustler, an Ohio corporation, could be sued in New Hampshire by a non-resident plaintiff on a libel claim because it was a large national publication with substantial distribution in that state.  Id. at 1473.

Here, Defendant has utilized eBay, a well-known web site with extensive reach, to conduct infringing activities for her own commercial gain in California and elsewhere—at least for a period of five months in 2011.  However, that eBay provides an advantageous medium through which an individual can sell an item does not change the jurisdictional analysis.  Selling items on eBay, by itself, cannot subject an individual to personal jurisdiction in all fifty states.  Were this Court to find otherwise, a person who sold products on eBay would become subject to personal jurisdiction in every state to which she mailed even a single product.

There is simply no basis in this case on which the Court can conclude that Defendant has "continuously and deliberately" exploited the California market.  Indeed, Plaintiffs' only evidence is that, between April and August of 2011, Defendant sold 232 infringing items, and that 24 of these were sold to California purchasers.  Plaintiffs argue that Defendant's "conduct . . . exceeds the conduct of [the] defendant] in Mavrix," because Defendant used a "commerce enabled," rather than a merely passive web site, and because she took the additional step of shipping infringing items to California.  (Second Suppl. Mem. at 17.)  This argument is plainly incorrect.  Defendant's commercial activities do not approach the level of those conducted by the Mavrix and Keeton defendants, which were large national publications with ongoing commercial activities in the forum states.  Nor has Defendant directed advertising toward California or focused sales activities on a large California market—facts important in Mavrix.

**JS – 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

   Plaintiffs also place heavy reliance on Zippo, 952 F. Supp. 1119.  In this out-of-circuit case, the plaintiff trademark holder was a forum resident, but the court did not rely on this fact in finding that the minimum contacts standard was met.  Instead, the court found that the non-resident defendant, which operated a web site and internet news service using domain names that allegedly infringed the plaintiff's trademarks, had purposefully availed itself of the privilege of doing business in Pennsylvania by selling passwords to 3,000 subscribers in the state—two percent of its business—and by entering into seven contracts with Internet access providers in Pennsylvania to furnish its services to its Pennsylvania customers.  Id. at 1121, 1125–27.  Plaintiffs argue that, similarly, here, Defendant has received and fulfilled orders from a significant number of California customers and has entered into contracts with two California service providers, eBay and Paypal, in order to facilitate the conduct of her business in that state.

   There is no question that the facts in Zippo would also meet the Ninth Circuit's purposeful direction standard, as articulated in CollegeSource and Mavrix.  But, here, we do not have a California plaintiff, and the amount of business conducted by Defendant in California does not approach the level present in Keeton, Mavrix, or even Zippo.  Accordingly, the Court cannot conclude that Defendant has "expressly aimed" tortious conduct at California.

   Nor have Plaintiffs shown that Defendant caused harm that she knew would be suffered by Plaintiffs in California.  Ninth Circuit precedents "recognize that in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business."  Dole Foods Co., 303 F.3d at 1113.  In Mavrix, the court found that harm to the Florida plaintiff from re-posting the copyrighted celebrity photographs was foreseeable in California, because "[a] substantial part of the photos' value was based on the fact that a significant number of Californians would have bought publications such as People and US Weekly in order to see the photos," and the defendant's actions "destroyed this California-based value."  647 F.3d at 1231–32.  Thus, "a jurisdictionally significant amount of [the plaintiff's] economic harm took place in California."  Id. at 1232.  According to Plaintiffs, here, Defendant's acts of perfecting sales in this jurisdiction "likely led purchasers of [the] products to associate the poor quality of the item received with the Sennheiser brand wrongfully affixed thereto," and additionally "prevented [Plaintiffs] from making a sale of a legitimate product herein."  (Second Suppl. Mem. at 19.)  However, beyond their allegation that they operate a "substantial" part of their business in California, Plaintiffs have done nothing to demonstrate that they derive significant market value from their trademarks in California, or that Defendant's 24 sales in this state worked to undermine that value.

**JS – 6**

**LINKS: 12, 18**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al | | |

Remarkably, after two rounds of supplemental briefing, Plaintiffs have not drawn this Court's attention to a single case in which the purposeful direction requirement was found to be met on the basis of the non-resident defendant's advertising and offering for sale counterfeit products on a widely-accessible web site and making of a handful of sales in the forum, where the trademark holder also did not reside in the forum. Accordingly, the Court cannot conclude that the purposeful direction requirement is met in this case.

#### 2. THE EXERCISE OF JURISDICTION WOULD NOT BE REASONABLE

However, even if the Court were to hold that Defendant purposefully directed her activities at California, the exercise of jurisdiction would still be improper. Under the third prong of the Ninth Circuit's test, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger, 374 F.3d at 802 (internal quotation omitted). The Ninth Circuit examines seven factors relevant to this determination: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Terracom v. Valley Nat. Bank, 49 F.3d 555, 561 (9th Cir. 1995).

Here, Plaintiffs are massive multinational corporations with annual sales approaching a billion U.S. dollars. Defendant, meanwhile, is an individual living in Brooklyn, New York, who evidently sold 24 counterfeit items to California purchasers in 2011. Plaintiffs complain loudly that the problem of online piracy "is exacerbated by the ease, anonymity and geographic reach afforded to unscrupulous infringers by otherwise legitimate online vending, shipping and consumer services." (Second Suppl. Mem. at 2 (added emphasis).) If the seller were anonymous, this argument might have some force, but the problems associated with anonymity are not present in this case. Here, Plaintiffs know Defendant's exact residential address; they served her with process at that location. The burden that Plaintiffs attempt to impose on Defendant by requiring her to defend this action across the continent is unreasonable – particularly given the very limited extent of her interjection into California's affairs. Moreover, because Plaintiffs do not reside in this state and Defendant's sales to California residents are few, California courts have little interest in adjudicating this dispute. Although California is Plaintiffs' chosen forum, convenient and effective relief is available to them in one of the several jurisdictions that would unambiguously have personal jurisdiction over Defendant. In short,

---

**JS – 6**

**LINKS: 12, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7884 GAF (FFMx) | Date | September 27, 2012 |
|----------|------------------------|------|---------------------|

| Title | Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al |
|-------|----------------------------------------------------------------------|

forcing Defendant to defend this action in California would fail to comport with the principles of fair play and substantial justice.

**III.**
**CONCLUSION**

Based on the foregoing discussion, the Court **DENIES** Plaintiffs' motion for default judgment and **DISMISSES** Plaintiffs' complaint for lack of personal jurisdiction.


**IT IS SO ORDERED**.